UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CORNELIUS JOHNSON,

Plaintiff,

v.                                    CAUSE NO. 1:23-CV-334-DRL-MGG

SHERIFF DEPARTMENT *et al.*,

Defendants.

<u>OPINION AND ORDER</u>

Cornelius Johnson, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Johnson is proceeding without counsel, so the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Johnson is an inmate at Miami Correctional Facility. His claims stem from an incident in April 2023 when he was being transported from the Allen County Jail to an Indiana Department of Correction (IDOC) facility to begin serving his sentence. He

claims that on April 26, 2023, Officer Morgan (first name unknown), an employee of the Allen County Jail, was driving him and other prisoners in a van that was not equipped with proper safety restraints. Mr. Johnson and the other prisoners were handcuffed and shackled at the ankles. He claims Officer Morgan "attempted to keep up with traffic" and was going at least 70 miles per hour at times and also made a few "sudden stops." He claims that Officer Morgan's manner of driving caused him to hit his head on a steel bench, resulting in "lumps" on his forehead. It can be discerned that he was seen by medical personnel when he arrived at the IDOC facility. Based on this incident, he sues Officer Morgan, Allen County Sheriff Troy Hershberger, and the Allen County Sheriff's Department for $1.5 million in money damages and other relief.

Because Mr. Johnson had already been convicted at the time of this incident, his rights arise under the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420,

425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

It is unfortunate that Mr. Johnson was injured, but "failing to provide a maximally safe environment" does not amount to an Eighth Amendment violation. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). At most he alleges circumstances suggesting negligence or carelessness by Officer Morgan, not conduct "akin to criminal recklessness." *Thomas*, 2 F.4th at 722; *see also Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019) ("Neither the Supreme Court nor this court has ruled that transporting an inmate without a seatbelt creates an intolerable risk of harm."); *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996) ("Allegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness[.]"). He has not stated a plausible Eighth Amendment claim against Officer Morgan.

As for Sheriff Hershberger, liability under 42 U.S.C. § 1983 is based on personal responsibility, and he cannot be held liable merely because of his supervisory position. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). There is no indication the Sheriff was in the van or otherwise personally involved in this incident. The fact that Mr. Johnson claims to have written him a letter after the incident to complain about what happened does not establish a basis for imposing liability. *Id.* Supervisory officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Mr. Johnson has not plausibly alleged that his constitutional rights were violated by Officer Morgan. Even if he had, there is insufficient factual content from

which the court could plausibly infer that the Sheriff knew about any unconstitutional conduct and condoned it, facilitated it, or approved of it.

Likewise, the Sheriff's Department cannot be held liable simply because it employed Officer Morgan at the time of this incident. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Mr. Johnson may be trying to assert a claim against the Sheriff's Department under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, municipal entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (citations and quotations omitted).

There is insufficient factual content in the complaint from which the court could plausibly infer that the Sheriff's Department has adopted an official policy of causing injury to inmates being transported to other correctional facilities. Rather, Mr. Johnson describes an injury caused by Officer Morgan's alleged erratic driving. *See Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (under *Monell*, plaintiff must allege that an official policy "was the 'moving force' behind his constitutional injury"). The "isolated wrongdoing of one or a few rogue employees" cannot support a *Monell* claim. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Nor has he plausibly alleged the existence of an official custom by the Sheriff's Department, as he only describes this

one incident. *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (pointing to "a few sporadic examples of an improper behavior" is not enough to establish an official custom under *Monell*).

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes he can state a plausible claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 11, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

August 10, 2023                              *s/ Damon R. Leichty*
                                             Judge, United States District Court

5